UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

JEANETTE AUGUSTINOS,

    Plaintiff,

v.

MARQUIS DENTAL SPA
MANAGEMENT OF AMERICA, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JEANETTE AUGUSTINOS ("Plaintiff" or "Ms. Augustinos"), by and through undersigned counsel, files this Complaint against Defendant, MARQUIS DENTAL SPA MANAGEMENT OF AMERICA, LLC ("Defendant" or "MDSMA"), and states as follows:

**NATURE OF THE SUIT**

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Ms. Augustinos was an employee who performed services on behalf of Defendant in Broward County, Florida.

3. MDSMA is a Florida profit corporation located in Deerfield Beach,

Broward County, Florida, and which, at all times relevant, performed work in Broward County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Broward County, Florida.

## **FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in

operating a dental office management company in Broward County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, telephones, etc., but which had come to rest within its headquarters site in Broward County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Administrative Assistants like Plaintiff.

## FACTUAL ALLEGATIONS

17. Ms. Augustinos worked for Defendant in an administrative role, making appointments for Defendant's customers, from April 8, 2019, until her separation from Defendant on August 9, 2019.

18. Throughout her time with MDSMA, Ms. Augustinos was paid a fixed hourly rate of $15.00 per hour, and was not paid any overtime no matter how many hours in excess of forty (40) she worked in a given week.

19. Defendant also improperly deducted time worked from Ms. Augustinos's time records on a routine basis.

20. Ms. Augustinos always worked in Broward County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

21. Ms. Augustinos had no authority to hire or fire employees of MDSMA.

22. Ms. Augustinos had no authority to discipline employees of MDSMA.

23. Ms. Augustinos had no authority to set rates of pay for other employees or agents of MDSMA.

24. Ms. Augustinos had no input into performance reviews of other employees or agents of MDSMA.

25. All of Ms. Augustinos's major decisions had to be cleared in advance by one of MDSMA's supervisors.

26. Ms. Augustinos was closely monitored by MDSMA's managers and supervisors at all times.

27. Ms. Augustinos followed procedures established by MDSMA and did exactly as she was instructed to do.

28. Ms. Augustinos's primary duties were to help set appointments for Defendant's patients.

29. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

30. Plaintiff regularly worked forty-five (45) or more hours per week for Defendant during her employment with Defendant.

31. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her employment with Defendant.

32. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

33. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that she worked during her employment.

34. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

35. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

36. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

39. While Plaintiff does not have all of her time records, Plaintiff estimates her FLSA damages to be:

April 8, 2019 through August 9, 2019 (approximately 18 weeks):

Based on a time-and-a-half method, Plaintiff calculates her damages as follows:

5 hours (approximate overtime hours per week) X $22.50 (time-and-one-half rate of pay) = $ 112.50 unpaid overtime compensation per week.

$112.50 (unpaid overtime compensation per week) X 18 weeks =

TOTAL:  $2,025.00 (unliquidated) and, if liquidated, $4,050.00

40. Based on the allegations in Paragraphs 36-38, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42. Plaintiff reincorporates and re-alleges paragraphs 1 through 41 of the Complaint as though set forth fully herein, and further alleges as follows:

43. Plaintiff is entitled to be paid time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

44. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

45. Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

46. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, in addition to incurring reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

   a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

   c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Award Plaintiff pre-judgment interest; and order any other and further

relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 19th day of March, 2021.

Respectfully submitted,

**By: /s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*